Filed 2/18/15  P. v. Gordon CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN WILLIAM GORDON,<br><br>        Defendant and Appellant. | C075825<br><br>(Super. Ct. No. CM038133) |

This appeal originated as a review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, after defendant Kevin William Gordon entered a negotiated plea of no contest to leaving the scene of an injury accident (Veh. Code, § 20001, subd. (a); count 1) and admitted a strike prior (1989 kidnapping; Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] in exchange for dismissal of the remaining counts (possession of marijuana for sale,

---

[1]  Undesignated statutory references are to the Penal Code.

1

transportation of marijuana) and four prior prison terms with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

The trial court sentenced defendant to state prison for the upper term of three years, doubled to six years for the strike prior, and awarded 428 days of presentence custody credits. The court ordered defendant to pay $7,689 in victim restitution and various other fines, fees, and assessments. Defendant appealed without obtaining a certificate of probable cause. (§ 1237.5.)

Counsel filed a *Wende* brief, and we subsequently filed our opinion in this case finding no arguable error favorable to defendant and affirming the judgment. (*People v. Gordon* (July 31, 2014, C075825 [nonpub. opn.].) Defense appellate counsel filed a petition for rehearing, arguing that the victim restitution order was not proper, citing *People v. Martinez* (2014) 226 Cal.App.4th 1156 (*Martinez*).[2] We granted the petition for rehearing, vacated our opinion, and requested supplemental briefing on the propriety of the restitution order for losses from the collision, given defendant's plea to the charge of hit and run.

We again affirm the judgment, concluding that the victim restitution order was proper.

<b>FACTS</b>

On November 2, 2012, defendant turned his car in front of an oncoming van driven by John Foley. Foley attempted to stop but was unable to do so and crashed into defendant's car. Foley's three young children, who were in the van, suffered minor injuries. Defendant's car sustained damage to the front and passenger side and Foley's van had extensive front end damage. Defendant fled the scene after the accident. A

---

[2] The California Supreme Court subsequently granted review in *Martinez,* which is no longer citable. (*Martinez, supra,* 226 Cal.App.4th 1156, review granted Sept. 10, 2014, S219970.)

search of defendant's car revealed over 75 grams of marijuana (net weight) and a digital camera containing defendant's photograph, which led to his arrest.

Defendant entered a negotiated plea of no contest to leaving the scene of an injury accident, a violation of Vehicle Code section 20001, subdivision (a), which provides: "The driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, or in the death of a person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004." The court ordered defendant to pay $7,689 in victim restitution to Foley for the damage to his car.

## DISCUSSION

The parties agree that the factual predicate for the victim restitution ordered is the probation report and attachments, including Foley's sentencing statement and loss statement. The parties also agree that the factual basis for the restitution order shows only losses from the *actual collision* and not defendant's subsequent flight. The disagreement between the parties focuses on the propriety of the restitution award in this case given the statute under which defendant was convicted.

Defendant argues (1) victim restitution is limited to those losses caused by his offense, (2) he was not convicted of any offense showing responsibility for the collision in that his penalized conduct was the "running," not the "hitting," and (3) having been sentenced to state prison instead of probation, the restitution award was improper under section 1202.4. The People respond that a necessary element of defendant's offense of hit-and-run is a collision, thus the collision is part and parcel of defendant's offense. They add that sound public policy requires victim restitution not only in probation cases but also state prison cases.

"In 1982, California voters enacted Proposition 8, an initiative measure also known as the 'Victims' Bill of Rights,' which added to the California Constitution a provision that 'all persons who suffer losses' resulting from a crime are entitled to

3

'restitution from the persons convicted of the crimes causing the losses.' (Cal. Const., art. I, § 28, subd. (b)(13)(A).) The Legislature was directed to enact implementing legislation. [Citations.] The Legislature did so. In 1983, it enacted section 1202.4, which is at issue here. [Citation.]

" 'In keeping with the [voters'] "unequivocal intention" that victim restitution be made, statutory provisions implementing the constitutional directive have been broadly and liberally construed.' [Citations.] Section 1202.4, at issue here, states that 'in every [criminal] case in which a victim has suffered economic loss as a result of the defendant's conduct,' the trial court must order the defendant to pay restitution 'in an amount . . . based on the amount of loss claimed by the victim . . . or any other showing to the court.' (§ 1202.4, subd. (f).) The statute further provides that the trial court 'shall order full restitution unless it finds compelling and extraordinary reasons' not to do so (*ibid*.); the restitution order must 'fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of [12 listed forms of loss]' (*id*., subd. (f)(3))." (*People v. Stanley* (2012) 54 Cal.4th 734, 736-737.)

Because defendant was sentenced to prison, not probation, any "restitution must be for economic damages resulting from the crime of which [the defendant] was convicted, not merely those 'reasonably related' to the crime." (*People v. Rubics* (2006) 136 Cal.App.4th 452, 460 (*Rubics*).) In *Rubics*, the defendant entered a plea of guilty to felony hit-and-run (Veh. Code, § 20001, subd. (a)) and admitted an allegation that the accident resulted in death (Veh. Code, § 20001, subd. (b)(2)). The defendant was sentenced to state prison and was ordered to pay restitution for the victim's funeral expenses totaling over $44,000. (*Rubics, supra,* at p. 454.) Among defendant's contentions was his argument that because his criminal conduct was *leaving* the scene of the accident, not *causing* the accident, restitution for damages from the accident (in the form of the victim's funeral expenses) was not warranted. (*Id.* at p. 456.) The *Rubics*

4

court concluded, "[B]ecause an element of the crime of felony hit and run under section 20001, subdivisions (a) and (b)(2) is a defendant's involvement in an accident resulting in the injury or death of another, restitution is proper in such a situation because the loss was incurred as a result of the commission of the crime." (*Rubics,* at p. 454.)

Citing *People v. Escobar* (1991) 235 Cal.App.3d 1504 and *People v. Wood* (2000) 83 Cal.App.4th 862, Rubics argued that the "gravamen" of a hit-and-run offense was " 'not the initial injury of the victim, but leaving the scene without presenting identification or rendering aid.' " (*Rubics, supra*, 136 Cal.App.4th at pp. 458-459.) The appellate court rejected this argument: "That may be a true statement, as far as it goes. However, Rubics reads section 20001, for restitution purposes, too narrowly. As we have discussed, a necessary element of section 20001 is that Rubics was involved in an accident that caused serious injury or death. Thus, although a primary focus of section 20001 may be the act of leaving the scene, a conviction also acknowledges the fleeing driver's responsibility for the damages he or she has caused by being involved in the accident itself." (*Rubics,* at p. 459.)

Although defendant urges us to disagree with *Rubics*, we do not. The occurrence of an injury accident and defendant's knowledge of the same are elements of the offense of hit-and-run to which defendant pled. (CALCRIM No. 2140.) The injury accident is an integral component of defendant's criminal conduct. The collision *is* part and parcel of the crime, thus any loss incurred as a result of the collision *is* a loss incurred as a result of the commission of the crime.[3]

---

[3] *Wood, supra,* 83 Cal.App.4th at pages 863-867 discussed whether the offense of hit-and-run where the victim suffers serious injury automatically qualified as a serious felony under section 1192.7, subdivision (c)(8) and has no application here. *People v. Lai* (2006) 138 Cal.App.4th 1227, also cited by defendant, held that "section 1202.4 does not support that portion of the restitution order of Lai's sentence attributable to fraudulently obtained aid before the charged period." (*Lai*, at p. 1249.) Defendant's reliance on both

Defendant entered a plea of no contest to the offense, admitting all of the elements; his failure to stop and render aid constitutes some evidence of his responsibility for the accident.  Further, as defense counsel noted, defendant had taken responsibility for the collision, having written a letter of remorse and acceptance of "full responsibility." Having waived a restitution hearing, defendant thus conceded responsibility for paying restitution, if the restitution order were legally proper.  We conclude that it was.

## DISPOSITION

The judgment is affirmed.


                                             DUARTE          , J.


We concur:


     RAYE            , P. J.


     BUTZ            , J.

---

of these cases is misplaced, because the facts are inapposite to his and the cases are not otherwise analogous.