Filed 9/20/16  P. v. Nelson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>ERIC JEFFREY NELSON,<br><br>      Defendant and Appellant. | C079313<br><br>(Super. Ct. No. 14F03928) |

Defendant Eric Jeffrey Nelson pleaded no contest to leaving the scene of an accident resulting in the death of a person.  (Veh. Code, § 20001, subd. (b)(2) [commonly known as "hit-and-run"]; unless otherwise set forth, statutory references that follow are to the Vehicle Code.)  He also admitted a prior strike conviction.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)  The trial court sentenced defendant to an aggregate term of six years in prison.  The court also ordered him to pay, among other things, restitution for funeral expenses in the amount of $5,000.

1

On appeal, defendant contends the restitution order was improper. We affirm the judgment.

FACTS AND PROCEEDINGS

The facts are taken from the prosecutor's statement of the factual basis for defendant's plea of no contest to the hit-and-run offense at the plea hearing, the probation officer's report, and the police report. The probation officer's recitation of the underlying facts is taken from the police report. Defendant concedes the police report is accurate, with two exceptions that are not relevant to the resolution of this appeal.

At around 10:30 p.m. on June 15, 2014, defendant struck a pedestrian with his vehicle on Marconi Avenue in Sacramento after the pedestrian walked into the roadway. At the time of the accident, defendant was driving approximately 40 miles per hour. The roadway was not well illuminated and the pedestrian was wearing a long black coat, dark blue jeans, and black/red shoes. Following the collision, defendant did not stop; instead, he immediately left the place of the accident, parked his vehicle, and fled on foot. The pedestrian was later taken to the hospital and died about three hours later as a result of the injuries he sustained from the collision.

On June 17, 2014, defendant turned himself into the police. He confessed to being the driver of the vehicle involved in the accident, and explained that he fled because he was scared and did not want to get in trouble. He admitted that he looked at the damage to his vehicle and realized the pedestrian must have been badly hurt.

Defendant was charged by felony information with leaving the scene of an accident resulting in death to another person in violation of section 20001, subdivision (b)(2). It was also alleged that defendant had suffered a prior strike conviction. Section 20001, subdivision (a) states: "The driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, or in the death of a person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements

2

of Sections 20003 and 20004." Section 20003 requires drivers to furnish identification information and render reasonable assistance to an injured person, including transporting, or making arrangements for transporting, an injured person to a hospital. Section 20004 requires drivers involved in an accident causing death to, "without delay," report the accident to the highway patrol or police. Section 20001, subdivision (b)(2) states: "If the accident described in subdivision (a) results in death or permanent, serious injury, a person who violates subdivision (a) shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than 90 days nor more than one year, or by a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or by both that imprisonment and fine . . . ."

Pursuant to a negotiated disposition, defendant pleaded no contest to the hit-and-run offense (§ 20001, subd. (b)(2)) and admitted a strike prior (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). Consistent with the parties' agreement, the trial court sentenced defendant to prison for the midterm of three years, doubled to six years for the strike prior. The court ordered defendant to pay $5,000 in restitution to the Victims of Violent Crime Program as reimbursement for funeral expenses, and various fines, fees, and penalties.

At the sentencing hearing, defendant objected to the restitution order, arguing that he had no obligation to pay for the pedestrian's funeral expenses because he was not convicted of an offense holding him responsible for the death of the pedestrian. A hearing on the court's restitution order was scheduled, but was later "dropped" at the request of defense counsel who conceded that "[c]ase law says [defendant is] solely responsible for the restitution."

## DISCUSSION

Defendant contends the restitution order was improper because he was not convicted of an offense holding him responsible for the accident, no factual

3

determination of his responsibility for the collision or the pedestrian's death was made, and he was sentenced to prison rather than placed on probation.

"In 1982, California voters enacted Proposition 8, an initiative measure also known as the 'Victims' Bill of Rights,' which added to the California Constitution a provision that 'all persons who suffer losses' resulting from a crime are entitled to 'restitution from the persons convicted of the crimes causing the losses.' (Cal. Const., art. I, § 28, subd. (b)(13)(A).) The Legislature was directed to enact implementing legislation. [Citations.] The Legislature did so. In 1983, it enacted section 1202.4, which is at issue here. [Citation.]

" . . . 'In keeping with the [voters'] "unequivocal intention" that victim restitution be made, statutory provisions implementing the constitutional directive have been broadly and liberally construed.' [Citations.] Section 1202.4 . . . states that 'in every [criminal] case in which a victim has suffered economic loss as a result of the defendant's conduct,' the trial court must order the defendant to pay restitution 'in an amount . . . based on the amount of loss claimed by the victim . . . or any other showing to the court.' (§ 1202.4, subd. (f).) The statute further provides that the trial court 'shall order full restitution unless it finds compelling and extraordinary reasons' not to do so (*ibid.*); the restitution order must 'fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of [12 listed forms of loss]' (*id.*, subd. (f)(3))." (*People v. Stanley* (2012) 54 Cal.4th 734, 736-737.) We review a restitution order for an abuse of discretion. (*People v. Maheshwari* (2003) 107 Cal.App.4th 1406, 1409.)

In this case, because defendant was sentenced to prison, not probation, any "restitution must be for economic damages resulting from the crime of which [the defendant] was convicted, not merely those 'reasonably related' to the crime." (*People v. Rubics* (2006) 136 Cal.App.4th 452, 460 (*Rubics*).) In *Rubics*, the defendant entered a plea of guilty to felony hit-and-run (§ 20001, subd. (a)) and admitted an allegation that

4

the accident resulted in death (§ 20001, subd. (b)(2)). The defendant was sentenced to state prison and was ordered to pay restitution for the victim's funeral expenses totaling over $44,000. (*Rubics*, at p. 454.) Among defendant's contentions was his argument that because his criminal conduct was *leaving* the scene of the accident, not *causing* the accident, restitution for damages from the accident (in the form of the victim's funeral expenses) was not warranted. (*Id*. at p. 456.) The *Rubics* court concluded, "[B]ecause an element of the crime of felony hit and run under section 20001, subdivisions (a) and (b)(2) is a defendant's involvement in an accident resulting in the injury or death of another, restitution is proper in such a situation because the loss was incurred as a result of the commission of the crime." (*Rubics*, at p. 454.)

Citing *People v. Escobar* (1991) 235 Cal.App.3d 1504 and *People v. Wood* (2000) 83 Cal.App.4th 862 (*Wood*), Rubics argued that the "gravamen" of a hit-and-run offense was " 'not the initial injury of the victim, but leaving the scene without presenting identification or rendering aid.' " (*Rubics, supra*, 136 Cal.App.4th at pp. 458-459.) The appellate court rejected this argument: "That may be a true statement, as far as it goes. However, Rubics reads section 20001, for restitution purposes, too narrowly. As we have discussed, a necessary element of section 20001 is that Rubics was involved in an accident that caused serious injury or death. Thus, although a primary focus of section 20001 may be the act of leaving the scene, a conviction also acknowledges the fleeing driver's responsibility for the damages he or she has caused by being involved in the accident itself." (*Rubics*, at p. 459.)

Defendant urges us to conclude that *Rubics* was incorrectly decided. Citing *Wood*, defendant argues that fleeing the accident scene, not the collision, is the gravamen of the hit-and-run offense, and therefore because the economic loss incurred from the death of the victim (i.e., funeral expenses) was not incurred as a result of the fleeing, the trial court did not have the authority to order victim restitution under Penal Code section 1202.4.

5

(See *Wood, supra*, 83 Cal.App.4th at p. 866 [the act made criminal under section 20001 is not the hitting but the running].)

We note that other authorities have criticized *Rubics's* reasoning. (See *People v. Cowart* (2015) 238 Cal.App.4th 945, 955 [disagreeing with *Rubics* to the extent it suggests that a charge of violating section 20001, subdivision (a) is based on a defendant causing an accident that results in injury or death]; *Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308, 1341, fn. 22 [declining to follow *Rubics* to the extent it suggests a section 20001, subdivision (a) conviction is based in part on the defendant's causing or being involved in the accident].) The issue of whether a defendant, who is convicted of hit-and-run and sentenced to prison rather than placed on probation, can be required to pay restitution for the injuries the victim suffered in the collision, is currently pending before our Supreme Court. (*People v. Martinez* (2014) 226 Cal.App.4th 1156, review granted Sept. 10, 2014, S219970.)

As an initial matter, we conclude that defendant has forfeited his challenge to the restitution order. At the sentencing hearing, defendant objected to the order, arguing that he had no obligation to pay for the pedestrian's funeral expenses because he was not convicted of an offense holding him responsible for the death of the pedestrian. However, the hearing on the court's restitution order was subsequently "dropped" at the request of defense counsel, who conceded that "[c]ase law says [defendant is] solely responsible for the restitution." A defendant forfeits a challenge to a restitution order by failing to object at sentencing, unless the order was unauthorized. (*People v. Anderson* (2010) 50 Cal.4th 19, 26 & fn. 6; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) "An obvious legal error at sentencing that is

6

'correctable without referring to factual findings in the record or remanding for further findings' is not subject to forfeiture. [Citations]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.) "Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*Scott*, at p. 354.)

In this case, even if we declined to adopt the analysis in *Rubics* (which we do not decide), the restitution order may or may not have been authorized depending on facts that might have been established during the restitution hearing. Even without the *Rubics* analysis, victim restitution may be awarded when the defendant is convicted of violating section 20001 if the damages arose from or were exacerbated by his act of leaving the scene. (See *People v. Escobar, supra*, 235 Cal.App.3d at p. 1509 [restitution is proper to the extent the victim's injuries are caused or exacerbated by the defendant's leaving the scene].) Thus, if the prosecutor had offered evidence at the restitution hearing showing that the pedestrian's injuries were aggravated or exacerbated by defendant's conduct in fleeing the accident scene, the order might have been properly imposed. However, because the restitution hearing was cancelled at defendant's request, the prosecutor had no opportunity to offer such evidence. The record does not disclose whether the pedestrian's life could have been saved if defendant had immediately stopped and rendered assistance as required under the Vehicle Code. The record reflects that the victim died approximately three hours after the accident. Accordingly, even if *Rubics* was wrongly decided, the question of whether the restitution order was proper depended upon factual findings. (See *Bailey v. Superior Court of Ventura County* (1970) 4 Cal.App.3d 513, 521 ["Reasonable and prompt assistance may prevent aggravation of or further injuries, or may save a life"].) Given all of these these circumstances, defendant's argument is forfeited. (See *People v. Anderson, supra*, 50 Cal.4th at p. 26.)

DISPOSITION

The judgment is affirmed.

                                                    HULL            , Acting P. J.

We concur:

        MAURO          , J.

        MURRAY         , J.

8