Filed 7/9/12

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff and Respondent,　　）
　　　　　　　　　　　　　　　　　　）　　　　　　　S185961
　　　　　v.　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　　　Ct.App. 3 C063661
LEROY STANLEY,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　　　　Yolo County
　　　　　Defendant and Appellant.　　）　　Super. Ct. No. 09-3110
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿）

　　　　　By statute, a crime victim who has suffered property damage is entitled to have the defendant pay restitution for "the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Pen. Code, § 1202.4, subd. (f)(3)(A); further statutory references are to the Penal Code.) Here, defendant Leroy Stanley in 2009 vandalized Patricia Short-Lyster's 1975 Dodge Adventurer four-door, three-quarter-ton pickup truck, extensively denting it and damaging the driver's side rear door so badly that it could no longer be opened. Some 18 months before the vandalism, Short-Lyster paid $950 for the truck, which was in excellent condition. Her father, a former auto mechanic, had checked out the truck and advised her to buy it.

　　　　　Defendant entered a plea of no contest to felony vandalism (§ 594, subd. (a)) in exchange for a 16-month prison sentence and the dismissal of other charges. The trial court ordered restitution in the amount of $2,812.94, reflecting an automotive body shop's written estimate of repair cost. The Court of Appeal affirmed, rejecting defendant's contention that the trial court should have limited restitution to the victim's $950 purchase price of the used truck. In reaching that conclusion,

1

the Court of Appeal expressed its agreement with a decision by another Court of Appeal, *In re Dina V.* (2007) 151 Cal.App.4th 486 (*Dina V.*), but its disagreement with the opposite holding in *People v. Yanez* (1995) 38 Cal.App.4th 1622 (*Yanez*). We granted review to resolve the conflict. We affirm the Court of Appeal's judgment in this case.

**DISCUSSION**

In 1982, California voters enacted Proposition 8, an initiative measure also known as the "Victims' Bill of Rights," which added to the California Constitution a provision that "all persons who suffer losses" resulting from a crime are entitled to "restitution from the persons convicted of the crimes causing the losses." (Cal. Const., art. 1, § 28, subd. (b)(13)(A).) The Legislature was directed to enact implementing legislation. (*Id.*, art. 1, § 28, subd. (a)(8); see *People v. Giordano* (2007) 42 Cal.4th 644, 655 (*Giordano*).) The Legislature did so. In 1983, it enacted section 1202.4, which is at issue here. (Stats. 1983, ch. 1092, § 320.1, p. 4058.)

"In keeping with the [voters'] 'unequivocal intention' that victim restitution be made, statutory provisions implementing the constitutional directive have been broadly and liberally construed." (*People v. Lyon* (1996) 49 Cal.App.4th 1521, 1525; accord, *People v. Phu* (2009) 179 Cal.App.4th 280, 283; *People v. Mearns* (2002) 97 Cal.App.4th 493, 500.) Section 1202.4, at issue here, states that "in every [criminal] case in which a victim has suffered economic loss as a result of the defendant's conduct," the trial court must order the defendant to pay restitution "in an amount . . . based on the amount of loss claimed by the victim . . . or any other showing to the court." (§ 1202.4, subd. (f).) The statute further provides that the trial court "shall order full restitution unless it finds compelling and extraordinary reasons" not to do so (*ibid.*); the restitution order must "fully reimburse the victim . . . for every determined economic loss incurred as the result

2

of the defendant's criminal conduct, including, but not limited to, all of [12 listed forms of loss]" (*id.*, subd. (f)(3)).  The first of these 12 categories is relevant here: "Full or partial payment for the value of stolen or damaged property," defined as "the replacement cost of like property, *or the actual cost of repairing the property when repair is possible*."  (*Id.*, subd. (f)(3)(A), italics added.)

In construing a statute, we seek " 'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' "  (*Klein v. United States of America* (2010) 50 Cal.4th 68, 77; *Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876, 888.)  Our analysis starts with the statutory language because it generally indicates legislative intent.  (*Klein*, *supra*, at p. 77; *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 986.)  If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls.  (*Miklosy*, *supra*, at p. 888; see also *Catlin v. Superior Court* (2011) 51 Cal.4th 300, 304; *People v. King* (2006) 38 Cal.4th 617, 622.)

Section 1202.4's subdivision (f)(3)(A), the statutory provision at issue here, gives the trial court a choice of awarding restitution to a crime victim for "replacement cost of like property, *or* the actual cost of repairing the property when repair is possible."  (Italics added.)  The statute does not say that the restitution awarded must be the lesser of the two.  Thus, the choice whether to award the property's replacement cost or cost of repair "when repair is possible" is left to the sound discretion of the trial court.  (*Ibid*.; see *Giordano*, *supra*, 42 Cal.4th at p. 663.)

In 1995, as mentioned earlier, the Court of Appeal decided *Yanez*, *supra*, 38 Cal.App.4th 1622; it held that restitution awarded to a crime victim should be governed by the measure of damages allowable in civil tort actions.  According to *Yanez*, in the case of damaged but repairable property an award of restitution

3

should be limited to the *lesser* of either the value of the property or the reasonable cost of repair. (*Id*. at p. 1627.) Shortly thereafter, we said in *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121, that restitution in criminal cases need not "reflect the amount of damages that might be recoverable in a civil action." (The opinion made no reference to *Yanez*.)

A dozen years later the Court of Appeal in *Dina V*., *supra*, 151 Cal.App.4th 486, expressly disagreed with the decision in *Yanez*, *supra*, 38 Cal.App.4th 1622. In upholding a restitution award covering the cost of repair for the crime victim's damaged car, *Dina V*. explained: "To limit the amount of restitution to the replacement cost, because that would be the manner of determining damages in a civil case, is neither required nor logical. [To do so would require] that the victim find a similar vehicle, in similar precrime condition . . . at the victim's time and expense. . . . Limiting the amount of restitution to the replacement cost would not make the victim whole." (*Dina V*., *supra*, at p. 489.) We agree with *Dina V*. As we have noted on page 3, *ante*, section 1202.4's subdivision (f)(3)(A) is devoid of language stating that a trial court's restitution award should be limited to the *lesser* of the "replacement cost" of the victim's damaged property or "the actual cost of repairing the property when repair is possible." The statute leaves the choice to the trial court.[1]

Here, repair of the victim's vandalized pickup truck was possible, as indicated by the automotive body shop's written repair estimate of $2,812.94 that the victim presented at the preliminary hearing. After defendant's plea of no contest to felony vandalism, the trial court ordered him to pay in restitution to the victim the estimated repair cost of $2,812.94. The court added that "if it ends up costing less to repair the car, then restitution will be reduced appropriately." (We

---

[1] Insofar as *People v. Yanez*, *supra*, 38 Cal.App.4th 1622 is inconsistent with our conclusion here, we disapprove it.

note that defendant never presented, either at the preliminary hearing or at the time of sentencing, any evidence of the replacement cost of a comparable truck.)

Defendant does not challenge the reasonableness of the repair estimate. His contention is that because the roughly $2,813 cost of repair awarded in restitution was nearly three times the $950 the victim had paid for the 1975 Dodge Adventurer pickup — bought 18 months before defendant's 2009 extensive vandalism of the truck — the amount of restitution exceeded the bounds of reason and gave the victim a "windfall." According to defendant, the trial court should have awarded the victim no more than the amount she had paid for the used truck plus an additional 10 to 15 percent "surcharge" to compensate for her "inconvenience" in having to replace the truck. But, as we have pointed out, under section 1202.4's subdivision (f)(3)(A), the trial court had discretion to award the victim as restitution the "actual cost of repairing" her vandalized truck, so long as repair was "possible." On the facts presented, the trial court did not abuse its broad discretion in ordering defendant to pay the $2,812.94 to repair the victim's truck he had vandalized.

In upholding the trial court's restitution order, the Court of Appeal suggested that it might be difficult for the victim in this case to find another "1975 Dodge Adventurer in 'excellent' condition for $950," noting that "the longer it would take the victim to find one, the greater her loss-of-use damages would be." The Court of Appeal added: "[T]he victim's father, a former mechanic, advised her to buy the truck, from which one can rationally infer it was a good bargain at $950. . . . The fact that the repairs will cost about three times the victim's purchase price does not mean that she will receive a windfall: It means she will have her truck back in the same condition it was before defendant vandalized it. This comports with the spirit of Proposition 8 [the "Victims' Bill of Rights"] and the text of the implementing legislation." We agree with the Court of Appeal.

5

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

KENNARD, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Stanley

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 187 Cal.App.4th 120
**Rehearing Granted**

_____

**Opinion No.** S185961
**Date Filed:** July 9, 2012

_____

**Court:** Superior
**County:** Yolo
**Judge:** Paul K. Richardson

_____

**Counsel:**

Robert Navarro, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Charles A. French and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

Ashford & Strasser and Laura Bean Strasser for National Crime Victim Institute as Amicus Curiae on behalf of Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert Navarro
P.O. Box 8493
Fresno, Ca  93747
(559) 452-0934

Jeffrey D. Firestone
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA  94244-2550
(916) 324-5168