Filed 7/28/16  P. v. Wilding CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CAMERON WILDING,<br><br>        Defendant and Appellant. | A144895<br><br>(Sonoma County<br>Super. Ct. No. SCR639166) |

Cameron Wilding appeals from a judgment entered after he entered a plea of no contest to vandalism (Pen. Code, § 594, subd. (a)), based on allegations that he caused damage to his victim's car.[1]  He contends the court erred in imposing restitution in an amount greater than the car's value.  We will affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

A complaint alleged that Wilding committed assault with a deadly weapon using his vehicle (§ 245, subd. (a)(1)) and committed felony vandalism of the vehicle of his victim, Maurice Light (§ 594, subd. (a)).

According to the probation report (which purportedly relied on the police report), Light was driving on Old Redwood Highway and saw Wilding's vehicle come very close to the rear of his vehicle and begin to swerve back and forth.  Light felt a "nudge" to the rear of his vehicle and observed Wilding's vehicle passing on the right.  As Wilding's vehicle passed, it spun out of control and collided with the right side of Light's vehicle twice. Light pulled to the shoulder and called 911.  Wilding got out of his car,

---

[1]        All statutory references are to the Penal Code.

1

approached Light's vehicle, banged his fist on the side of Light's window, and then jumped on the hood of Light's car and banged his fist on the windshield. When Light tried to drive away, Wilding slid off the hood, grabbed a large tree branch, and beat on the windshield of Light's vehicle until it shattered. Police noted there were shards of glass from the shattered windshield on Light's clothing and hair.

In May 2014, Wilding entered into a plea agreement by which he would plead no contest to felony vandalism and be placed on probation. If Wilding paid restitution and satisfactorily completed an anger management course, the charge and conviction would be reduced to a misdemeanor (§ 17, subd. (b)) and the assault count would be dismissed. The court accepted Wilding's plea.

The probation department's felony presentence report stated that Light had not requested restitution and did not indicate a restitution amount. By the time of the sentencing hearing, however, Light had decided to seek restitution.

At the July 22, 2014 sentencing hearing, the prosecutor represented that Light's car had sustained $9,000 worth of damage due to Wilding's collision and vandalism. Light's car had to be "completely replaced," and Light had bought a used replacement vehicle for $18,000. The prosecutor asked for a restitution order of $9,000, represented she would obtain supporting documentation, and acknowledged that Wilding had a right to contest the amount. The court tentatively set restitution at $9,000 and scheduled a restitution hearing.

Also at the sentencing hearing, Wilding tendered a $2,000 check towards restitution, submitted documentation indicating he had completed an anger management course, and moved for a reduction of his conviction to a misdemeanor. The prosecutor did not object. The court reduced Wilding's conviction to a misdemeanor, placed him on court probation for three years, suspended imposition of sentence, ordered payment of restitution and other probation conditions, and dismissed the assault count.[2]

---

[2] As set forth in the court's minutes: "Defendant Sentenced[:] [¶] Conditional Sentence Granted 36 Month(s) [¶] Do not contact victim directly or indirectly . . . [¶] Submit to warrantless search and seizure of person, property, personal business or

2

The restitution hearing was continued a number of times while the parties attempted to negotiate a restitution amount. No agreement was reached.

On April 10, 2015, the court held the restitution hearing. Light testified that, at the time of the incident, his 2001 Ford Explorer was in "excellent condition" and was paid in full. Wilding had caused $8,900 in damages to the vehicle, which was valued at $4,700. As a result, his vehicle was "totaled" and his insurance company paid him $4,700. He later used that amount as a down payment on the purchase of a replacement vehicle—a 2011 Hyundai Santa Fe—that he bought for $18,000. He covered the balance of the cost of the Hyundai with a seven-year auto loan bearing a 3.49 percent interest rate; the total interest over the term of the loan was estimated at $1,988.12.

The court ruled: "I believe [Light is] entitled to the interest that he's going to have to pay that [] otherwise he would not have had to pay [$1,988.12], in addition to some substantial portion of the cost of the new car, which I am determining to be $7,000. The total restitution award will be $8,988.12." The minute order reads: "Probation modified[.] All other terms and conditions remain in full force and effect. Pay restitution of $8,988.12 to [Light]. Payable through District Attorney Restitution Specialist."

Wilding filed a notice of appeal, challenging the restitution amount.

## II. DISCUSSION

Wilding contends the court abused its discretion by awarding restitution in an amount substantially greater than the value of the totaled vehicle in order to partially fund Light's purchase of a newer and more valuable vehicle. He fails to establish error.

At the outset, we note that the trial court may order victim restitution under section 1202.4, or it may order restitution under section 1203, subdivision (b)(2)(D), as a condition of a "conditional sentence" (here, probation).[3] The court did not specify which

---

vehicle at any time day or night; [¶] Be of good conduct and obey all laws [¶] Restitution Fine of $150 pursuant to [section] 1202.4(b) [¶] Fine of $70 as to Count 2 [¶] *Restitution Reserved* [¶] *Pay restitution of $9,000 to [Light], less $2,000 payment today*." (Italics added.)

[3]     Section 1203, subdivision (b)(1) reads: "Except as provided in subdivision (j), if a

3

statute it was relying upon, and the parties did not raise the issue in the trial court. We analyze the restitution order under both statutes.

A. Section 1203 Restitution

It is clear that Wilding received a conditional sentence—court probation—and restitution was ordered as a condition of his conditional sentence. As such, restitution may be analyzed under section 1203, and the essential question is whether it is a reasonable condition of probation. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

Restitution under section 1203 focuses on the rehabilitation of the defendant. (*Lent, supra,* 15 Cal.3d at pp. 486; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1123 (*Carbajal*).) Therefore, the court's discretion in deciding the amount of restitution is "necessarily broader" than it is when ordering restitution as victim compensation under section 1202.4. (*People v. Anderson* (2010) 50 Cal.4th 19, 29 (*Anderson*).)

Under section 1203, the court may set restitution in an amount that is related to the goal of deterring future criminality, even if it exceeds the defendant's liability for the conduct underlying his or her conviction. (*Carbajal, supra,* 10 Cal.4th at pp. 1120–1123 [restitution as a condition of probation may be in an amount greater than the defendant's liability, when related to the goal of deterring future criminality]; *Lent, supra*, 15 Cal.3d at p. 486 [upholding order for $1,778 in restitution, which included $500 arising from the charge of which the defendant was convicted and $1,278 arising from the charge of which defendant was acquitted, because of the relationship of the total sum to the crime of which defendant was convicted].)

person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to a probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment." Subdivision (b)(2)(D) reads: "The probation officer may also include in the report his or her recommendation of both of the following: [¶] (i) The amount the defendant should be required to pay as a restitution fine pursuant to subdivision (b) of Section 1202.4. [¶] (ii) *Whether the court shall require, as a condition of probation, restitution to the victim or to the Restitution Fund and the amount thereof.*" (Italics added.)

4

Here, the court ruled that Light was entitled to $7,000 toward the cost of replacing the vehicle Wilding had totaled, and $1,988.12 in loan interest that Light would not have incurred but for Wilding's conduct. The restitution order was reasonably related both to the crime committed and to deterring future criminality: Wilding attempted to pass Light on the right, lost control of his vehicle, and sideswiped Light's vehicle, and then jumped onto the hood of Light's vehicle and beat in the windshield until it shattered onto Light. Furthermore, the total restitution award of $8,988.12 was still about the same as the $8,900 in damages Wilding had caused by his actions; it is generally consistent with rehabilitation to impose restitution in an amount reasonably equivalent to the damage the defendant caused. Wilding fails to establish an abuse of discretion.[4]

B. Section 1202.4 Restitution

Wilding bases his appeal on the theory that restitution was imposed under section 1202.4, subdivision (f), which states: "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." Pursuant to this statute, the restitution order shall "be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to [¶] . . . [f]ull or partial payment for the value of stolen or damaged property," which "shall be the *replacement cost of like property*, or the actual cost of repairing the property

---

[4]     Wilding contends the restitution order cannot be upheld because the trial court never specifically found that the award was for a rehabilitative purpose, citing the following passage in *People v. Thygesen* (1999) 69 Cal.App.4th 988: "Further, in order to justify a restitution award that exceeds the loss caused by the defendant, the trial court must state that such excessive award was purposely made to serve a legitimate rehabilitative purpose. [Citations.] The trial court did not do so in the present case. Accordingly, the restitution award was in error." (*Id*. at pp. 995–996.) *Thygesen*, however, was decided under section 1202.4, not section 1203. Restitution ordered as a condition of a conditional sentence—that is, as a probation condition—is considered rehabilitative by its very nature. (See *Lent, supra*, 15 Cal.3d at p. 486.)

when repair is possible." (§ 1202.4, subd. (f)(3)(A). Italics added.) Although the court's discretion is broad, it is not unlimited: the court must use a rational method that could reasonably be said to make the victim whole. (*Thygesen, supra,* 69 Cal.App.4th at p. 992.)

Wilding's arguments under section 1202.4 are unavailing. First, as set forth ante, the restitution order was imposed as a condition of Wilding's conditional sentence, and may be affirmed under section 1203; whether the restitution order was also permissible under section 1202.4 is therefore immaterial. While the respondent's brief confronted Wilding with this fact, Wilding's reply brief does not demonstrate that the award cannot be upheld under section 1203.

Second, even if the restitution order had to be analyzed under section 1202.4, Wilding fails to establish that the court abused its discretion.

Wilding contends the replacement value of Light's vehicle should be limited to the $4,700 paid by Wilding's insurance company as the value of the car before Wilding totaled it. He is incorrect. The value of the Explorer does not necessarily equate to the cost of replacing it. Light replaced the Explorer with an $18,000 used vehicle, and the court gave Light only $7,000 towards its cost. Wilding did not present evidence that Light could have replaced the Explorer for less than $7,000.

Wilding also insists the restitution order constitutes an abuse of discretion because Light obtained a windfall. We disagree. Although it is true that Light's replacement vehicle is newer and valued higher than the Explorer, it is still a used vehicle. Furthermore, even if the replacement vehicle is an improvement over the Explorer, Wilding was not required to pay the entire cost of the replacement vehicle; much of the upgrade from the Explorer to the replacement vehicle was therefore borne by Light himself. Indeed, while Light ends up with a newer used car, he has been forced to incur $6,300 (the $18,000 purchase price of the replacement vehicle, less the $4,700 insurance payment for his totaled Explorer, less the $7,000 restitution) toward the purchase of a car that he had not wanted to replace, and which he would not have had to incur but for Wilding's conduct. As the trial court noted, Light "got a newer car" but "he didn't want

6

to buy a car . . . [h]e had a car that was perfectly serviceable." We therefore question whether Light obtained much of a windfall at all. Finally, while Light is receiving $7,000 (that is, the restitution award not including the interest expense) and the Explorer had a monetary value of only $4,700, Wilding cannot really complain, since he will still wind up paying about the same as the amount of damage he caused. (See generally *People v. Stanley* (2012) 54 Cal.4th 734, 738–739 [awarding restitution in the amount it would cost to repair the victim's vandalized vehicle was not a windfall for the victim even though it equated to three times what the victim had paid for the car]; *In re Dina V.* (2007) 151 Cal.App.4th 486, 489 [court may award cost of repair even if it exceeds the replacement value of the damaged vehicle, where limiting the amount of restitution to the replacement cost would not make the victim whole].)

In sum, the record supports the conclusion that the restitution award in this case was calculated using a rational method designed to make Light whole: the interest expense Light incurred in buying a replacement vehicle, plus the $4,700 value of the Explorer that Wilding totaled and another $2,300 towards the $18,000 used replacement vehicle. Wilding has not demonstrated an abuse of discretion.

## III. DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

(A144895)