Filed 10/6/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL FRIAS,<br><br>    Defendant and Appellant. | B309052<br><br>(Los Angeles County<br>Super. Ct. No. MA078019) |

APPEAL from an order of the Superior Court of Los Angeles County, David E. Hizami, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Heidi Salerno, Deputy Attorney General, for Plaintiff and Respondent.

_____

After Gabriel Frias stole and damaged a 2001 Chevrolet Tahoe, the trial court ordered restitution for the owner to fix it. The court figured the sum using the cost of original parts, not aftermarket parts. We affirm.

Frias pleaded no contest to stealing the Tahoe. The Tahoe had 200,000 miles on it and had no dents, scratches, or damage before the theft. Afterwards, there was damage to the bumper, side, grille, and to other parts of the car.

A shop estimated repair at $8,385.04. Frias opposed this estimate and proposed $7,025.21, which was a later estimate from the same shop, but without using original General Motors parts. The shop owner said his estimates depended on whether they are for insurance companies, which demand original manufacturer parts. The shop did not calculate other estimates on this basis. The second estimate was for $7,025.21. The $1,359.83 difference from $8,385.04 apparently stemmed from the lower cost of aftermarket parts. The record does not explain who manufactured the aftermarket parts, whether they had a warranty, or anything about them. The court ordered restitution on the basis of the original estimate: the $8,385.04 sum.

Frias appeals, claiming the court abused its discretion by accepting the $8,385.04 estimate. This argument is incorrect.

The California Constitution requires courts to order restitution when a crime victim suffers a loss. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Statutory provisions say restitution is to be based on the amount of loss the victim claims and should "fully reimburse" the victim for every economic loss the defendant's criminal conduct caused. (Pen. Code, § 1202.4, subd. (f).) In keeping with the framers' unequivocal intent, courts

broadly and liberally construe these statutory provisions in victims' favor. (*People v. Stanley* (2012) 54 Cal.4th 734, 737.)

The trial court had discretion to determine the owner was entitled to original manufacturer parts rather than aftermarket parts. It was Frias's burden to show otherwise. Frias, for instance, could have offered evidence the damaged parts themselves had not been original, but were aftermarket. (Cf. *People v. Grandpierre* (2021) 66 Cal.App.5th 111, 115 [defendants have the burden of disproving the victim's claim of loss].) There was no evidence like that.

Frias's counsel suggested there might be zero quality difference between original and aftermarket parts, but the court was free to reject this claim, which no evidence supported. The court could presume that aftermarket parts can vary in quality and that, commonly, you get what you pay for. (Cf. Bus. & Prof. Code, § 9884.9, subd. (c) [requiring repair estimates to disclose whether replacement parts will be original or aftermarket].)

## DISPOSITION

The order is affirmed.


WILEY, J.

We concur:


STRATTON, Acting P. J.      OHTA, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.