Filed 4/13/23  P. v. James CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078864 |
| v. | (Super.Ct.No. FMB21000278) |
| DANIEL RYAN JAMES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed as modified.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorneys General, and Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Daniel Ryan James pled guilty to burglary. On appeal, he challenges the amount of the victim restitution order. We accept the People's concession that the restitution order must be reduced by $1,300, modify the restitution award accordingly, and affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

On July 3, 2021, a deputy conducted a vehicle stop of a U-Haul box truck driven by the defendant, who was not wearing his seatbelt. The defendant was on post-release community supervision. The deputy conducted a search of the truck and located items of mail addressed to Michael Z. The deputy was able to reach Michael Z.'s brother, Adam Z., by phone. Adam stated that the items in the defendant's truck were being stored in a storage container located on a nearby property owned by Minh D. The deputy contacted Minh D., who identified items of personal property found inside the defendant's truck as having been stolen from his property.

On July 7, 2021, a felony complaint charged defendant with two counts of second degree burglary in violation of Penal Code[2] section 459. On July 14, 2021, pursuant to a negotiated disposition, defendant pled guilty to count 1 in exchange for a low-term sentence of 16 months in prison and dismissal of count 2 with a *Harvey* waiver,[3] which

---

[1] The summary of the offense is taken from the probation department's restitution memo.

[2] All further statutory references are to the Penal Code unless otherwise specified.

[3] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

allowed the trial court to consider the dismissed charge in ordering victim restitution. The trial court sentenced appellant in accordance with the plea agreement, reserved jurisdiction to order victim restitution, referred the matter to the probation department for preparation of a restitution memo, and set a restitution hearing at which defendant waived his presence. After a contested restitution hearing at which testimony was taken from both victims, on April 15, 2022, the court ordered defendant to pay a total of $178,152.79 in victim restitution, consisting of $150,161.67 payable to Minh D. and $27, 991.12 payable to Adam Z. Appellant appeals from the restitution order, challenging the amounts awarded to victim Minh D. for two items: (1) a missing set of three drills; and (2) a pair of damaged soda vending machines.

## DISCUSSION

The California Constitution provides that crime victims have a right to restitution when they suffer losses as a result of criminal activity. (Cal. Const., art. I, § 28, subd. (b), par. (13).) This constitutional mandate is implemented by Penal Code section 1202.4, which provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) The sentencing court's restitution order "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct."

3

(§ 1202.4, subd. (f)(3).)  The term " 'economic loss' " is given an expansive interpretation.  (*In re Alexander A*. (2011) 192 Cal.App.4th 847, 854, fn. 4.)  The victim restitution provisions are broadly and liberally construed in victims' favor.  (*People v. Stanley* (2012) 54 Cal.4th 734, 737 (*Stanley*).)

"The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution."  (§ 1202.4, subd. (f)(1).)  The standard of proof at a restitution hearing is preponderance of the evidence.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542 (*Gemelli*).)  No particular kind of proof is required, and a trial court may accept a property owner's statement about the value of stolen or damaged property as prima facie evidence of loss.  (*Id*. at p. 1543.)  To rebut a prima facie case, the defendant has the burden to disprove the amount of loss the victim claimed.  (*Ibid*.)

"There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action."  (*People v. Anderson* (2010) 50 Cal.4th 19, 27.)  We review a restitution order for abuse of discretion.  When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.  (*People v. Ung* (2023) 88 Cal.App.5th 997, 1001.)

Defendant first contends the trial court erred in awarding Minh D. $1,950 to replace three missing drills because Minh testified that "it would probably cost $650 to replace all three."  Respondent concedes that the amount awarded was erroneously

4

calculated based on a replacement cost for the drills of $650 each, or $1,950 for all three. We accept the concession, and therefore will reduce the amount of restitution to Minh D. by $1,300.

Defendant also takes issue with the award of $10,000 to Minh D. for two soft drink vending machines. We conclude that defendant has forfeited this claim by failing to raise it before the trial court. "A defendant wishing to argue on appeal that there is no factual basis for a restitution order must object on that ground in the trial court to preserve the issue for appeal." (*People v. Mays* (2017) 15 Cal.App.5th 1232, 1237.) "This court will not reverse erroneous rulings that could have been, but were not, challenged below. [Citation.]" (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1214.) "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*Id.* at p. 1218; see *People v. Brasure* (2008) 42 Cal.4th 1037, 1075 ["by his failure to object, defendant forfeited any claim that the [restitution] order was merely unwarranted by the evidence, as distinct from being unauthorized by statute"].)

The record here shows that the probation department's restitution memo filed on September 30, 2021, included Minh's claim for two vending machines valued at $8,000 as well as a photo of the machines. Defense counsel thereafter was granted several continuances of the restitution hearing to examine the victims' claims, to consult with the defendant, and to subpoena documents relevant to contesting the amounts claimed. At the restitution hearing on March 25, 2022, Minh testified that the vending machines were

damaged during the burglary and had a value of $5,000 each. He did not have them repaired and was unsure of the cost to repair them. On cross-examination, Minh explained that the machines dispense soda or energy drinks in aluminum cans, they were previously in use but were now damaged. He did not get an estimate of the cost to repair them. Based on Minh's testimony, the prosecution included $10,000 for the damaged vending machines in its request for restitution, explaining that because the cost to repair was unknown, the replacement cost was used. The defendant's written opposition to the request for restitution argued that the amounts sought were excessive for five specific items in Minh's claim, none of which was the vending machines. In addition, defendant argued at the continued restitution hearing on April 15, 2022, that Minh's claims for the cost of cleanup that he performed himself and his claim for lost wages were duplicative. He also challenged as excessive the valuations that Minh had assigned to other items that had been purchased at a public auction for surplus government property. Defendant, however, never objected to the $10,000 claim for the vending machines.

Even if we overlook defendant's failure to raise the issue in the trial court, defendant's argument is meritless. Defendant acknowledges Minh's testimony established that the vending machines were damaged and their value was $5,000 each. He nevertheless argues the award is unsupported by substantial evidence and "cannot stand" because "[t]here was no evidence in what way and to what extent the vending machines were damaged, nor how much the damage affected their value, if at all." Defendant is incorrect. The restitution memorandum, the attached photograph of the

6

vending machines, and Minh's testimony are sufficient to establish a prima facie showing of the amount of Minh's loss. (*Gemelli*, *supra*, 161 Cal.App.4th at p. 1543; *People v. Prosser* (2007) 157 Cal.App.4th 682, 690.) The burden then "shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." (*Prosser*, at p. 691.) Defendant failed to carry that burden here.

Not only does defendant cite no authority for the proposition that a crime victim must, for each item of damaged property, produce evidence detailing the type or extent of damage or the repair cost, the argument conflicts with the statutory language which expressly provides for "[f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (§ 1202.4, subd. (f)(3)(A); see *Stanley*, *supra*, 54 Cal.4th at p. 737 [restitution for damaged property is not limited to the lesser of the replacement cost or repair cost; the choice is "left to the sound discretion of the trial court"].)

Relying on *People v. Sharpe* (2017) 10 Cal.App.5th 741, 747-748, defendant contends that Minh is not entitled to the replacement value of the vending machines because he still retained the vending machines, which he speculates must be of some value, even in their damaged condition. Again, defendant failed to object on this basis in the trial court. Moreover, to the extent he believed the vending machines had some salvage value in their damaged condition, defendant had ample opportunity to elicit testimony on cross-examination or introduce his own evidence to establish this value.

7

Having failed to do so, he cannot show the trial court abused its discretion in awarding the unchallenged amount sought by the victim. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048.)

## DISPOSITION

The restitution order is hereby modified to reflect that the defendant is ordered to pay victim restitution in the amount of $148,861.67 to Minh D. (victim No. 1). As modified, the judgment is affirmed. The Superior Court is directed to amend the court's minutes and the abstract of judgment to reflect this modification and to forward certified copies of the amended abstract to the Department of Corrections. (§§ 1213, 1216.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

8