Filed 5/9/25  P. v. Chivrell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KRIS VALL CHIVRELL,<br><br>    Defendant and Appellant. | C101250<br><br>(Super. Ct. No. 24CF01586) |

Defendant Kris Vall Chivrell pled no contest to felony vandalism and was ordered to pay over $40,000 in direct victim restitution for extensive damage he caused to the victim's truck.  On appeal, he argues his trial counsel was ineffective because he failed to object to the recommended restitution amount or request a hearing on the matter.  He contends the restitution order must be reversed and that the matter be remanded for a restitution hearing.  Finding no merit to his contentions, we shall affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

After dating for nearly a decade, in February 2024, A.R. told Chivrell that she wanted to end their relationship.[1]  During a subsequent argument, Chivrell struck A.R. with his fist on the side of her head.  A.R.'s friend, E.D., witnessed the incident.

Two months later, in April 2024, Chivrell significantly damaged E.D.'s Ford F-150 truck after he got mad that A.R. went to a casino with E.D.  Chivrell was supposed to remove the engine and replace it.  Instead, he removed the engine and sold it for scrap (without E.D.'s permission) and then failed to install the new engine, which E.D. believed he had also sold for scrap.  Chivrell broke the rear window, the driver's side window, the windshield, and the right mirror, and he slashed the truck's tires.  E.D. submitted a repair estimate to law enforcement from an automotive repair shop for $43,819.97, which represented the cost to fix the damage Chivrell caused to her truck.

Based on the two incidents, Chivrell pled no contest in April 2024 to misdemeanor domestic violence battery (Pen. Code, § 243, subd. (e)(1))[2] and felony vandalism causing over $400 worth of property damage (§ 594, subd. (a)) in exchange for a stipulated "NISP" agreement (no immediate state prison agreement); the matter of probation and sentencing was to be determined solely by the judge.  The plea agreement acknowledged that, as a consequence of his plea, Chivrell would have to pay victim restitution and other additional fines.  In May 2024, the trial court placed Chivrell on three years of formal probation with various terms and conditions.

At the sentencing hearing, the trial court discussed restitution and fines with Chivrell.  The probation report had recommended direct victim restitution in the amount

---

[1]  This factual summary is based on the police reports as described in the probation report.  Chivrell stipulated to the probation report and the police reports as well as the probable cause declaration and the face of the complaint as the factual basis for his plea.

[2]  Undesignated statutory references are to the Penal Code.

of $43,819.97, based on the repair estimate from the automotive repair shop. The court explained that Chivrell had to pay victim restitution, although "if [he] disagree[d] with the amount, [he could] talk to [his] lawyer and have a hearing." After the court clerk inquired whether the court was "setting [the] interest rate to accrue for the victim restitution," the court replied, "Do you do that? Is he agreeing already or is he going to ask for a hearing?" Chivrell then stated, "I'd like to subpoena the receipt for the vehicle because I know how much she paid for it." The court responded, "Okay. Don't tell me. Tell [your attorney]." Defense counsel informed the court, "Your Honor, at this point I previously discussed with my client, I believe he was okay with stipulating to the amount. But I would reserve the right to set a hearing to ask for modification, if so appropriate." The court replied, "Okay," and set interest to accrue at 10 percent from the date of sentencing. In doing so, the court commented, "I [have] rarely seen this big [of an] amount in a criminal case on restitution." A subsequent order for restitution and abstract of judgment checked a box indicating that Chivrell had stipulated to the amount of the direct victim restitution at the May 2024 sentencing hearing.

Chivrell timely appealed the victim restitution order in May 2024. The trial court denied his request for a certificate of probable cause. Chivrell's opening brief was filed in October 2024, and this case became fully briefed on February 21, 2025.

DISCUSSION

Chivrell contends his trial counsel's failure to object to the amount of direct victim restitution, or to otherwise request a hearing, constituted ineffective assistance of counsel. In his view, counsel should have requested a restitution hearing or challenged the amount because: (1) he told the trial court that he would like to subpoena the repair estimate receipt because he supposedly knew how much E.D. had paid for her truck, and (2) the trial court said it had rarely seen such a large restitution amount in other criminal matters.

3

A. *Ineffective Assistance of Counsel*

To establish ineffective assistance, a defendant must demonstrate: (1) that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) that he suffered prejudice, meaning that but for counsel's unprofessional errors, it is reasonably probable that the result would have been different. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) "Ineffective assistance of counsel is particularly difficult to demonstrate on direct appeal, where we are limited to the record from the trial court." (*People v. Acosta* (2018) 28 Cal.App.5th 701, 706.) Unless the defendant establishes the contrary, we presume counsel's performance fell within the wide range of professional competence and that counsel's actions or inactions can be explained as a matter of sound trial strategy. (*Ibid.*) If the record sheds no light on why counsel acted or failed to act in the manner challenged, we must reject an ineffective assistance claim unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation. (*Ibid.*)

B. *Direct Victim Restitution*

Under section 1202.4, a crime victim is entitled to restitution for economic losses suffered from criminal conduct. (§ 1202.4, subd. (a)(1).) The trial court must order a defendant convicted of the crime to pay restitution "in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court." (*Id.*, subd. (f).) The restitution order must "fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to . . . [f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (*Id.*, subd. (f)(3)(A).)

Section 1202.4, subdivision (f)(3)(A) gives the trial court discretion to choose between the cost of replacement or the cost of repair when ordering direct victim restitution, and nothing in the statute requires the court to select the lesser of the two amounts. (*People v. Stanley* (2012) 54 Cal.4th 734, 737.) Courts have recognized that valuation may be based on a loss report filed with the police or on a victim's own statement of value. (See *People v. Foster* (1993) 14 Cal.App.4th 939, 946-947 (*Foster*), superseded by statute on other grounds.) The standard of proof for victim restitution is preponderance of the evidence, not proof beyond a reasonable doubt, and no particular kind of proof is required. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542-1543.)

A trial court, moreover, "is entitled to consider the probation report when determining the amount of restitution," and "[a] property owner's statements in the probation report about the value of [his or] her property should be accepted as prima facie evidence of value for purposes of restitution." (*Foster*, *supra*, 14 Cal.App.4th at p. 946; *In re S.S.* (1995) 37 Cal.App.4th 543, 547, fn. 2 ["None of the cases hold that the victim must supply a sworn proof of loss or detailed documentation of costs and expenses"].) "When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount." (*Foster*, at p. 947.)

C.    *Analysis*

Chivrell has not met the heavy burden of establishing that his trial counsel was constitutionally ineffective. At the outset, we note that a reasonable explanation exists for defense counsel's lack of objection below. As defense counsel explained to the court, he had previously discussed the recommended restitution amount with Chivrell, and Chivrell had agreed to stipulate to the amount. Based on these conversations, counsel had no reason to challenge the restitution amount recommended in the probation report. Indeed, when defense counsel informed the court that Chivrell was willing to stipulate to the

amount, Chivrell did not interject that counsel was mistaken or voice a contrary position to the court.

Although it is true, as Chivrell points out, the written plea agreement does not specify an exact amount of victim restitution, it does acknowledge that he would be required to pay victim restitution. And based on defense counsel's statements during the sentencing hearing, he and Chivrell had discussed the amount of restitution recommended in the probation report, and Chivrell had agreed to stipulate to that amount.

In any event, even if Chivrell's statement—that he wanted to subpoena the repair estimate receipt because he knew how much the victim had supposedly paid for her truck—could be interpreted as a withdrawal of his consent to stipulate to the amount, Chivrell cannot show that counsel's failure to object or request a hearing resulted in prejudice.

The probation report recommended the $43,819.97 restitution amount based on an automotive repair estimate from Collision Masters and Framework, which the victim had obtained and provided to law enforcement. The trial court was entitled to rely on the information in the probation report and this repair estimate in setting the amount of direct victim restitution even if the prosecution did not produce the actual estimate during the sentencing hearing. (See *Foster*, *supra*, 14 Cal.App.4th at p. 946 [trial court may rely on information in probation report in determining appropriate amount of restitution owed].) " 'Due process does not require a judge to draw sentencing information through the narrow net of courtroom evidence rules . . . sentencing judges are given virtually unlimited discretion as to the kind of information they can consider and the source from whence it comes.' " (*People v. Baumann* (1985) 176 Cal.App.3d 67, 81 [rejecting the defendant's argument that the trial court could not consider the probation report in determining the amount of restitution because the report was based on hearsay and included conclusions by the probation officer drawn from extrajudicial statements].) Given the trial court's broad discretion to award victim restitution, defense counsel may

6

reasonably have decided to forgo making an objection regarding the repair costs described in the probation report, believing such an objection to be futile. (See *People v. Price* (1991) 1 Cal.4th 324, 387 [counsel does not render ineffective assistance by failing to make futile motions or requests].)

And, to the extent the estimated repair cost exceeded the amount the victim had originally paid for the truck (as Chivrell's comment during the sentencing hearing seemingly implies) or purportedly exceeded a Kelly Bluebook estimate for replacing the truck with a like vehicle (as Chivrell argues for the first time on appeal), these facts alone do not mean that the result would have been different had defense counsel objected or requested a hearing. In *Stanley*, for example, our Supreme Court found that the trial court did not err in ordering over $2,000 in restitution based on an automotive repair shop's written estimate of the repair cost for damages the defendant had caused to the victim's truck, which she had purchased for $950. (*People v. Stanley*, *supra*, 54 Cal.4th at p. 736.) The *Stanley* court specifically found that section 1202.4 did not require the trial court to limit restitution to the purchase price of the truck, even though it was lower than the repair cost. (*Stanley*, at pp. 738-739.) Thus, it would have been futile for defense counsel here to object to the restitution award because the purchase price of the truck (or the alleged replacement cost for obtaining a comparable vehicle) was less than the estimated repair cost. (See *People v. Boyette* (2002) 29 Cal.4th 381, 437 [defense counsel cannot be considered ineffective for failing to make groundless objection].)

Finally, we reject Chivrell's argument that defense counsel should have objected to the restitution amount or requested a hearing simply based on the trial court's observation that it had rarely seen a restitution amount this high in other criminal matters. That the property damage in other criminal cases was less than the damage Chivrell caused here does not negate the victim's entitlement to be fully reimbursed for the estimated cost of repairing her truck, which Chivrell admitted to having significantly vandalized. (§ 1202.4, subd. (f)(3)(A) [a restitution order must "fully reimburse the victim" for all

economic losses incurred as the result of the defendant's criminal conduct].)  The court's comment had no bearing on the proper amount of victim restitution in this case.

DISPOSITION

The judgment is affirmed.


/s/
BOULWARE EURIE, Acting P. J.


We concur:


/s/
MESIWALA, J.


/s/
WISEMAN, J.*


*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.