Filed 11/26/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. J.V., Defendant and Appellant. | A140587 (Alameda County Super. Ct. No. OJ06002942-02) |

J.V. (appellant), born September 1990, appeals from the juvenile court's order for restitution and abstract of judgment entered October 31, 2013. He contends the order must be vacated because it was issued after he turned 21 years old, the age at which the juvenile court's jurisdiction terminated by operation of law. We reject the contention and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 9, 2006, a juvenile delinquency petition (Welf. & Inst. Code, § 602, subd. (a)[1]) was filed in San Joaquin Superior Court, alleging that then-16-year-old appellant unlawfully took or drove a motor vehicle (Veh. Code, § 10851, subd. (a); count 1), received stolen property (Pen. Code, § 496, subd. (a); count 2), and committed

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

conspiracy (Pen. Code, § 182, subd. (a)(1); count 3). The information was based on an incident that occurred on November 9, 2006. That day, appellant and C.G., both 16 years old at the time, stole a 1993 Dodge Caravan (the Dodge) in Hayward and drove to Oakland, where they picked up appellant's then-15-year-old brother. The three drove to Tracy, where they stole a Honda. When someone chased appellant as he drove the Honda, appellant abandoned the Honda and got back into the Dodge. Later that day, police officers stopped the Dodge in Tracy; appellant was driving. Inside the Dodge, the officers found property, including two portable CD players, power and carpentry tools, a tackle box, and three fishing poles, that had been stolen in other thefts and auto burglaries.

On December 6, 2006, appellant entered a negotiated admission to count 1 as reduced to a misdemeanor, and counts 2 and 3 were dismissed. The San Joaquin County Superior Court transferred the matter for disposition to the Alameda County Superior Court, which accepted the case on December 28, 2006. The juvenile court established wardship at a January 25, 2007 dispositional hearing and placed appellant on probation in the custody of his parents. The court granted the probation officer's request to continue the issue of restitution on the ground that the victim needed additional time to submit paperwork in support of his claim.

On March 7, 2007, the juvenile court ordered appellant to pay restitution to the victim in the amount of $2,357.65, jointly and severally with a co-responsible. At a May 25, 2007 hearing, the probation officer stated that appellant had not made any payment towards the victim restitution fine, but that appellant had agreed to begin making bi-weekly payments. On July 18, 2007, the probation officer reported that appellant had paid $110 in restitution, leaving a balance of $2,247.65. The probation officer reported that appellant had agreed to pay $80 before the hearing, and $80 per month thereafter until the balance was paid in full. As of October 12, 2007, appellant had paid $251, leaving a balance of $2,106.65.

On January 7, 2008, the probation officer filed a probation violation notice after appellant cut off his electronic monitoring device and ran away. On January 16, 2008,

2

the juvenile court issued a bench warrant. Appellant was detained on the warrant on September 17, 2008. In a detention report, the probation officer stated that appellant owed $2,106.65 in restitution. The juvenile court recalled the warrant at the detention hearing.

At an October 2, 2008 dispositional hearing on the sustained probation violation, defense counsel noted that appellant still owed "over $2,000" in restitution. He agreed with the probation officer's recommendation for continued probation "so that he can work and make money and pay off the restitution." The juvenile court reminded appellant that he still owed $2,100 in restitution, and asked him to "[g]o out and get some work to pay that off, please." Appellant acknowledged he owed restitution and responded, "Yes. Okay, sir."

Appellant did not appear at the next review hearing on March 26, 2009 and the juvenile court stayed a bench warrant. When appellant did not appear at a May 1, 2009 hearing, the court issued the warrant. The matter was next before the court on June 18, 2009, and appellant was present. The court stated at the beginning of the hearing: "He owes some money here, and he's got an [ICE] hold. . . ." Defense counsel said his client "owes money. This is just one step, his being here, to getting him released. The next step, it sounds like it's going to be to deal with immigration." The court recalled the warrant and said that the remaining issue was "restitution. It's a couple thousand dollars." The court ordered that the $75.62 that was taken from appellant when he was booked into jail on an adult charge of evading a police officer was to be applied toward restitution. The court ordered appellant's release from jail concerning the juvenile matter and continued him on probation. The court stated, "[ICE] may not send him to Mexico. Anyway, we'll give him a court date in here for a progress report on August 28 . . . and then, [defense counsel], your office can perhaps find out what's going on with him . . . ."

At the August 28, 2009 hearing, the prosecutor stated that appellant had been released to ICE. The juvenile court issued a bench warrant "to expire on 09/16/2011." Appellant did not appear at the next hearing that took place on September 13, 2013. The court recalled the bench warrant and defense counsel asked the court to dismiss the

3

juvenile court proceedings.  The court stated, "Is there a JV-790?  No.  [¶]  I need a JV-790, and then I'll dismiss it.  I know you don't like me to do that.  I know I can.  It's a constitutional right to restitution."  Defense counsel stated, "I'm not sure.  But if you want to set a future date for that, that would be fine."

On the morning before a October 31, 2013 hearing, defense counsel filed points and authorities opposing the juvenile court's intention to sign a JV-790.  The court signed former Judicial Council form No. CR-110/JV-790, Order for Restitution and Abstract of Judgment, for appellant and his parents and a co-responsible to pay restitution to the victim in the remaining balance amount of $2,026.65.  The court stated, "I believe . . . this is a constitutional right that supersedes any jurisdictional issues that were raised in the documents."  The court thereafter terminated probation and dismissed the wardship.

## DISCUSSION

Appellant contends the juvenile court's order for restitution and abstract of judgment must be vacated because it was issued after he turned 21 years old, the age at which the court's jurisdiction terminated by operation of law.  (Citing § 607, subd. (a) [subject to exceptions inapplicable here, the juvenile court loses jurisdiction over a ward or dependent child who has reached the age of 21 years].)   Appellant's argument fails because it is based on the incorrect premise that the order/abstract was, in his view, a "new order and not a ministerial function performed by the juvenile court."

Here, the juvenile court issued a restitution order at a hearing on March 7, 2007, well before appellant turned 21, ordering him to pay $2,357.65 to the victim, jointly and severally with a co-responsible.  Appellant did not challenge the order at any time and paid down the balance to $2,025.65 over the course of the next several years.  Thus, the order/abstract in this case, which simply restated the lower remaining balance on an original order for restitution, was nothing more than a memorialization of the original order; no new order or subsequent order was created.  (See *First Nat'l Bank of Fresno v. Dusy* (1895) 110 Cal. 69, 75–76 [" 'The rendition of a judgment is a judicial act.  Its

4

entering upon the record is merely ministerial' "]; *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 198 [renewal of a judgment is a ministerial act].)

As the juvenile court stated, a victim of a minor's crime has a constitutional and statutory right to restitution. (Cal. Const., art. I, § 28, subd. (b)(13); § 730.6; *In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1386–1387.) To that end, the victim can enforce a restitution order in the same manner as a civil judgment, and is entitled to a certified copy of the restitution order. (§ 730.6, subds. (l), (r)[2]; Pen. Code, § 1214, subd. (b)[3].) Appellant asserts that "strict adherence to the jurisdictional requirements as outlined in the Welfare and Institutions Code is good public policy." However, "[i]n keeping with the 'unequivocal intention' that victim restitution be made, statutory provisions implementing the constitutional directive have been broadly and liberally construed." (*People v. Lyon* (1996) 49 Cal.App.4th 1521, 1525; *People v. Stanley* (2012) 54 Cal.4th 734, 737.) To require that a judgment debtor be no older than 21 years at the time of issuance of an order/abstract that simply memorializes a previously entered, valid restitution order would negate the express intent of the Legislature to permit victims to enforce juvenile restitution orders in the same manner as civil judgments. We conclude the juvenile court acted within its authority in issuing the order/abstract.

## DISPOSITION

The order for restitution and abstract of judgment is affirmed.

---

[2]Section 730.6, subdivision (l), provides that "[a]ny portion of a restitution order that remains unsatisfied after a minor is no longer on probation shall continue to be enforceable by a victim . . . until the obligation is satisfied in full." Subdivision (r) provides that a victim restitution order can be enforced according to Penal Code section 1214, which allows this order to be deemed a money judgment under certain conditions.

[3]Penal Code section 1214, subdivision (b), provides that a restitution order "is deemed a money judgment if the defendant was informed of his or her right to have a judicial determination of the amount and was provided with a hearing, waived a hearing, or stipulated to the amount of the restitution ordered. . . ." Here, appellant concedes the requirements of this section were met.

                                                          _____

                                                          McGuiness, P.J.

We concur:

_____

Pollak, J.

_____

Siggins, J.

6

<u>The People v. J.V. (A149587)</u>

Trial court:        Alameda County

Trial Judge:        Hon. Mark Kliszewski

Counsel:

Counsel for Appellant, J.V.
Eileen Manning-Villar


Counsel for Respondent, The People:
Christopher Grove
Jeffrey M. Bryant
Kamala D. Harris