Filed 12/12/25  In re D.R. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.R.,<br><br>        Defendant and Appellant. | A171253<br><br>(City & County of San Francisco Super. Ct. No. JW23-6046) |

Defendant D.R. appeals the juvenile court's restitution order, contending that the court made various errors and that Welfare and Institutions Code[1] section 730.6, subdivision (b)(3), which recently abolished joint and several liability for restitution in juvenile wardship cases, applies retroactively to her case.  We agree that remand is warranted to correct calculation errors as to the restitution awarded to two of the three victims.  As to the third victim, we disagree that her restitution award should be vacated because D.R. is no longer on probation.  We, however, agree that reversal of that award and remand are required because the court failed to

_____

        [1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

1

consider D.R.'s brief below challenging her liability for restitution to this victim. Finally, on remand, the court is to apply the current version of section 730.6, subdivision (b)(3), in apportioning liability for all restitution amounts between D.R. and her co-participant. We therefore decline to address whether that version applies retroactively.

# I. BACKGROUND

## A. Procedural History

In March 2023, an amended juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) was filed against D.R., alleging that she assaulted M.C. with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); counts I & II), assaulted a public transit passenger, L.O., with force likely to produce great bodily injury (*id.*, § 245.2; count III), and battered L.O. (*id.*, § 243.3; count IV). The petition further alleged that D.R. personally inflicted great bodily injury (*id.*, § 12022.7, subd. (a)) with respect to counts III and IV.

D.R. admitted to two of the assault counts; one against M.C and one against L.O. She also admitted the allegation that she inflicted great bodily injury on L.O. The juvenile court found a factual basis for the admissions and dismissed the other counts and allegations with a *Harvey*[2] waiver as to victim restitution. The court found the admitted charges to be felonies and declared D.R. a ward of the court. It set the maximum time of confinement to 5 years 8 months and placed D.R. on probation and in a foster home.

On June 20, 2023, D.R. stipulated to $9,925 in restitution to victim L.O. for her medical expenses. At the May 7, 2024 restitution hearing, D.R. contested her liability for restitution to a third victim, E.K., on the grounds that her injuries were caused by D.R.'s co-participant, J.A. The juvenile court

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

deferred this issue for further briefing. D.R. submitted a brief on the issue but the court did not receive or consider it before ordering D.R. to pay restitution to E.K.

Following the final restitution hearing, the juvenile court awarded an additional $6,800 to L.O. for lost wages, for a total of $16,725 in restitution to her. It also ordered D.R. to pay $3,203.93 in restitution to M.C. and $19,523.25 in restitution to E.K. (comprised of $16,801.25 for medical expenses, $225 for a locksmith, and $2,497 for the San Francisco Fire Department). The order did not specify what expenses the restitution award to M.C. covered. Finally, the court held D.R. and J.A. jointly and severally liable for all restitution amounts pursuant to section 730.6.

D.R. timely appealed. Two weeks later, the juvenile court terminated D.R.'s probation successfully. A separate order of restitution and abstract of judgment was subsequently filed on behalf of each of the three victims. Those orders included an award of 10-percent interest on the restitution amounts from the date of sentencing.

B. Facts[3]

1. *Train Incident (L.O.)*

On December 15, 2022, D.R. and J.A. were seen "pouring water on what appeared to be marijuana on the floor while riding a Muni train." L.O. was sitting across from them and "asked" them "to stop pouring water as it began to flow towards her. A verbal altercation ensued and [J.A.] splashed water on [L.O.] then threw the water bottle hitting [L.O.] in the head. The encounter escalated as [L.O.] stood up and swung her bag in an effort to protect herself. [J.A.] and [D.R.] struck [L.O.] in the face several times." L.O.

---

[3] The summary of facts is taken from the February 12, 2023 police report and the March 1, 2023 probation report.

3

fell to the ground and J.A. pepper sprayed her in the face. At that point, D.R. and J.A. got off the train and fled. L.O. "was treated at [the hospital] for a concussion and fractured left cheek among other injuries."

### 2. *Scooter Incident (E.K. and M.C.)*

On February 12, 2023, E.K. was walking towards Dolores Park with her husband, M.C., when "she heard a female voice yell 'move bitch!' from behind her." E.K. turned around and saw D.R. and J.A. approaching them on a motorized scooter. M.C. "was fearful [D.R. and J.A.] were going to hit them while they were walking so he put out his arms to block them." D.R. and J.A. were knocked off the scooter and D.R. began attacking M.C. When E.K. tried to intervene, J.A. "grabbed her by the hair and punched her four to five times in the face." M.C. got away from D.R. and ran to try to protect E.K., but D.R. "continued her attack on him and struck him again from behind with what he thought was closed fists." At this point, bystanders got involved and stopped the attack. E.K. suffered a fracture to her left orbital wall while M.C. sustained scratches and bruises on his face and head.

## II. **DISCUSSION**[4]

### A. Law and Standard of Review

"It is the intent of the Legislature that a victim of conduct for which a minor is found to be [a ward of the juvenile court] who incurs an economic loss as a result of the minor's conduct shall receive restitution directly from that minor." (§ 730.6, subd. (a)(1).) "[A] victim of a minor's crime has a constitutional and statutory right to restitution" (*In re J.V.* (2014) 231 Cal.App.4th 1331, 1335), and the court "shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record" (§ 730.6, subd. (b)(1)). This statute parallels the earlier

---

[4] We grant D.R.'s unopposed request for judicial notice.

4

enacted Penal Code section 1202.4, which requires full victim restitution in adult criminal cases. (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 304.) "Restitution has long been considered a valid condition of probation." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 (*Carbajal*).)

The juvenile court may order a minor who is placed on probation to pay restitution based on *uncharged* conduct so long as that conduct is " 'reasonably related either to the crime of which the defendant is convicted or to the goal of deterring future criminality.' " (*In re S.O.* (2018) 24 Cal.App.5th 1094, 1101–1102; see also § 730, subd. (b) [when a ward is placed on probation, the court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced"].) This mirrors restitution in the adult context "insofar as the pertinent restitution statutes set the proverbial ceiling when the minor is incarcerated, but set only the floor when the minor is placed on probation." (*In re S.O.*, at p. 1102.)

Restitution orders are generally reviewed for abuse of discretion. (*In re S.O., supra,* 24 Cal.App.5th at p. 1098.) "However, where the specific issue is whether a court has the authority to issue restitution, we review that question of law independently. [Citation.] And where the specific issue is whether the court's factual findings support restitution, we review those findings for substantial evidence." (*Ibid.*)

B. Evidentiary and Calculation Errors

    1. *L.O.'s Restitution*

D.R. contends that L.O.'s restitution award should be reduced from $16,725 to $9,875 because the juvenile court erroneously "double-counted" her claim for lost wages. The People agree that the amount should be

5

reduced but argue that it should be reduced to $9,925—the sum stipulated to by D.R.'s counsel below. The People do not, however, dispute that $9,875 is the correct restitution amount.[5] Instead, the People assert that D.R. forfeited any objection to the miscalculation. Even though that may be so, we can discern no tactical reason for the stipulation to the erroneous amount and the People offer none. (Cf. *In re M.V.* (2014) 225 Cal.App.4th 1495, 1528 [" 'When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation' "].) We therefore find that any failure to object to the erroneous restitution calculation constituted ineffective assistance of counsel and correct the amount of restitution awarded to L.O. to $9,875. (See *ibid.* ["The due process right to effective assistance of counsel extends to minors in juvenile delinquency proceedings"].)

### 2. *M.C.'s Restitution*

Similarly, D.R. contends that M.C.'s restitution award should be reduced from $3,202.93 to $819.11 because there is no evidence to support any amount greater than $819.11. The People again do not dispute this but argue that D.R. forfeited this claim by failing to object below. The record as to this issue is confusing to say the least. M.C. submitted a restitution claim for $819.11. At an April 2024 hearing, J.A.'s counsel referenced a $3,202.93 amount that J.A. was "willing to stipulate" to but it was unclear as to which victim. The juvenile court later stated that J.A. had "stipulated to the amount of $3,203.93" with respect to "the scooter incident." At the next

---

[5] L.O.'s restitution claim included $400 for eyeglasses, $6,832 in lost income, and $2,693 in medical expenses, for a total of $9,925. The invoices attached to her claim, however, show that her medical expenses were actually $2,643, which resulted in the $50 error.

hearing the following month, the court noted that the "$3,203.93" amount was what "[J.A.] was ordered to pay . . . to [E.K.]" but later corrected itself and noted, "That looks to me like the [$]3,200 was requested by [M.C.]."

D.R.'s counsel did not object to the juvenile court's above comment. D.R. argues, however, that she did not forfeit any objection to M.C.'s restitution awarded because she "was not on reasonable notice that the court might award $3,202.93 in restitution to M.C. before [it] issued its final restitution order." But even assuming that D.R.'s counsel had adequate notice that the court might award more than $819.11 to M.C., any failure to object constituted ineffective assistance of counsel for the same reasons we stated above with respect to L.O.'s restitution amount. M.C.'s restitution award should therefore be corrected to $819.11.

### 3. E.K.'s Restitution

Lastly, D.R. contends that E.K.'s $19,523.25 restitution award should be vacated because substantial evidence does not support "that D.R.'s conduct was a substantial factor contributing to E.K.'s injuries." Alternatively, D.R. argues that a remand for reconsideration of E.K.'s restitution is required because the juvenile court did not consider D.R.'s arguments regarding her lack of liability for E.K.'s injuries. The People concede that remand is appropriate so the court may consider those arguments. But D.R. goes on to argue that remand would be futile because she is no longer on probation and therefore cannot be ordered to pay any restitution to E.K. as she was never charged with a crime against E.K. We agree that remand is warranted because the court failed to consider D.R.'s arguments in the first instance.[6]

---

[6] At the final restitution hearing, the juvenile court invited the parties to submit briefs addressing whether D.R. was responsible for E.K.'s injuries. D.R. submitted a timely brief but the court did not receive or consider it

We disagree that restitution should be vacated based on a lack of substantial evidence or because D.R. is no longer on probation now.

When a minor is placed on probation, a juvenile court may impose restitution for uncharged conduct "as long as 'the restitution condition [is] reasonably related either to the crime of which the defendant is convicted or to the goal of deterring future criminality.' " (*In re S.O.*, *supra*, 24 Cal.App.5th at p. 1101.) "California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction." (*Carbajal*, *supra*, 10 Cal.4th at p. 1121.) "That a defendant was not personally or immediately responsible for the victim's loss does not render an order of restitution improper." (*In re I.M.* (2005) 125 Cal.App.4th 1195, 1209.)

Here, there is substantial evidence that the injuries E.K. sustained were reasonably related to D.R.'s admitted assault against M.C., E.K.'s husband. E.K. and M.C. were walking together when D.R. and J.A. approached them from behind on a scooter and M.C. put his arms out to avoid being hit. After falling off the scooter, D.R. immediately began hitting M.C. while E.K. and J.A. initially stood off to the side. E.K. then tried to intervene to stop D.R.'s attack, which prompted J.A. to start hitting her and pulling her hair. E.K.'s injuries were therefore reasonably related to D.R.'s assault against her husband. Ordering D.R. to pay E.K.'s restitution is also reasonably related to deterring future criminality by D.R. because E.K.'s injuries arose from a physical attack that D.R. started.

---

before issuing its restitution order. D.R. subsequently filed a request for another hearing with the brief attached but the court denied it without explanation.

8

Although E.K.'s restitution award is supported by substantial evidence, as the People concede, remand for reconsideration of that award is still necessary. The juvenile court did not receive or consider D.R.'s timely brief objecting to E.K.'s restitution claim. And if the court considered the arguments in that brief, it is possible the court may have exercised its discretion differently in awarding restitution to E.K.

Nonetheless, D.R. contends that remand would be futile because she is no longer on probation and can no longer be ordered to pay restitution to E.K. as a condition of probation for any uncharged conduct. We are unpersuaded. D.R. is correct that restitution ordered under section 730.6, subdivision (a)(2), is limited to "all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602." (§ 730.6, subd. (b)(1).) But this limitation does not apply to restitution awarded as a condition of probation like E.K.'s restitution award. (*In re. S.O.*, *supra*, 24 Cal.App.5th at p. 1101.) That the juvenile court failed to consider all of D.R.'s arguments against that award does not alter the fact that the court had a legal basis for imposing the award in the first place. Indeed, the court, on remand, may conceivably reaffirm its original award after considering the arguments in D.R.'s earlier brief.

Ultimately, D.R. seeks to absolve herself of any liability for restitution validly imposed as a condition of probation solely because her probation ended before we could decide this issue on appeal. This contravenes the purpose behind restitution awarded as a condition of probation—"to deter future criminality." (*In re S.O.*, *supra*, 24 Cal.App.5th at p. 1101.) It also prevents a victim from recovering restitution to which he or she is constitutionally entitled (see Cal. Const., art. I, § 28, subd. (b), par. (13)) through the enforcement of that award as a civil judgment (Pen. Code,

9

§ 1214, subd. (b) ["Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation . . . is enforceable by the victim" as a civil judgment]; see *People v. Anderson* (2010) 50 Cal.4th 19, 29 [like mandatory restitution, restitution ordered as a condition of probation "serves the purposes of both criminal rehabilitation and victim compensation"]). Here, after the termination of D.R.'s probation, E.K.'s restitution award was reduced to a judgment, which E.K. has the right to enforce as the victim.[7]

D.R.'s reliance on *People v. Koontzy* (2024) 102 Cal.App.5th 268 is misplaced. In *Koontzy*, the trial court did not determine the amount of restitution before the defendant's probation terminated. Nonetheless, the court awarded restitution in a specified amount more than two years after the defendant's probation had ended. (*Id.* at p. 272.) We concluded that the court lacked authority to order the defendant to pay a specified amount of restitution as a condition of probation after probation had been terminated. (*Ibid.*) By contrast, the juvenile court in this case did properly order D.R. to pay a specified amount of restitution as a condition of probation. And in remanding, we are not asking the court to impose any *new* restitution conditions after probation has ended. Instead, we are only asking the court to reconsider the amount of restitution that it *did* properly award as a condition of probation after considering arguments it should have considered at the time of the original award. Moreover, the juvenile court can only *eliminate* or *reduce* the restitution award to E.K. on remand, rather than increase the amount of that award like the trial court did in *Koontzy*. We see no reason why the court cannot do so on remand especially where, as here, the victim may still enforce the restitution award—which has already been

---

[7] D.R. does not challenge the enforceability of E.K.'s restitution order as a civil judgment, which survives the termination of her probation.

10

reduced to an order—as a civil judgment despite the termination of probation. (See Pen. Code, § 1203.1, subd. (a)(3) ["The restitution order shall be fully enforceable as a civil judgment forthwith and in accordance with Section 1202.4 of the Penal Code"]; see also *In re S.O.*, *supra*, 24 Cal.App.5th at pp. 1100–1101 [applying the trial court's greater latitude in imposing probation conditions under Penal Code section 1203.1 to juvenile cases]; *In re T.C.* (2009) 173 Cal.App.4th 837, 847 [same].)

   C.   Joint and Several Liability

   Effective January 1, 2025, the Legislature amended section 730.6 to add the following provision: "For the purposes of victim restitution, each minor shall be held severally liable, and *shall not be held jointly and severally liable as co-offenders*. The court shall apportion liability based on each minor's percentage of responsibility or fault for all economic losses included in the order of restitution. The aggregate amount of apportioned liability for all minors involved shall not exceed 100 percent in total." (§ 730.6, subd. (b)(3), italics added; Stats. 2024, ch. 805, § 6.) Relying on *In re Estrada* (1965) 63 Cal.2d 740, D.R. contends that this new provision applies retroactively because it "mitigates possible punishment for the class of juveniles placed on probation on condition they pay restitution imposed with joint and several liability." The People initially countered that victim restitution is not punishment and is therefore not subject to retroactive application under *In re Estrada*. But in its supplemental brief, the People now concede that section 730.6, subdivision (b)(3), would apply if we remand the matter for a new restitution hearing.

   Because we conclude that the juvenile court's restitution order must be remanded to correct the amount of restitution awarded to L.O. and M.C. and to reconsider the restitution awarded to E.K., we need not decide whether

11

section 730.6, subdivision (b)(3), is ameliorative legislation that applies retroactively. On remand, the court shall apply section 730.6, subdivision (b)(3), and apportion liability for victim restitution based on D.R.'s percentage of responsibility or fault. (*In re W.R.* (2018) 22 Cal.App.5th 284, 292–293 [a new statute applies prospectively on remand, regardless of whether it applies retroactively].)

    D.   <u>Interest Award</u>

Finally, D.R. contends that the juvenile court erred in awarding interest in the restitution orders because it did not provide D.R. with notice or an opportunity to be heard on those awards. We agree that D.R. should have been provided with notice prior to the interest awards and remand so the court may consider any arguments by D.R. against those awards in the first instance.

D.R. goes on to argue, however, that remand would be futile because "the juvenile court will not have authority to award interest on remand because any loss relating to interest was ascertainable at the original hearing." In support, D.R. cites section 730.6, subdivision (b)(1), which states, "[i]f the amount of loss cannot be ascertained at the time of sentencing, . . . the amount shall be determined at the direction of the court at any time during the term of the commitment or probation." But that statutory provision does not apply here because the court not only ascertained the amount of interest owed to the victims at the time of sentencing, it actually awarded those amounts in its restitution orders. We therefore see no reason why the court, on remand, cannot reconsider the amount of interest that it previously awarded after hearing D.R.'s arguments. (See *In re S.E.* (2020) 46 Cal.App.5th 795, 809–810 [juvenile has

12

" '[a] duty to provide full restitution to their victims,' " which includes interest for the loss of use of their money for expenses incurred].)

The California Constitution provides that "[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss," unless compelling and extraordinary reasons exist to the contrary. (Cal. Const., art. I, § 28, subd. (b), par. (13)(B); Welf. & Inst. Code, § 730.6, subd. (b)(1); Pen. Code, § 1202.4, subd. (f).) Courts have consistently held that awarding victims full restitution is of the utmost importance. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046 [" '[t]he intent of the voters is plain' ": restitution should be afforded to every victim].) Indeed, the legislative purpose of ensuring full restitution to victims would be frustrated if a juvenile court's jurisdiction to reconsider interest that was already awarded is extinguished on remand.

And from a practical perspective, "[i]f the appellate court remands the matter to the juvenile court after jurisdiction has been terminated . . . , the juvenile court shall . . . assume jurisdiction to the extent necessary to follow the directions of the appellate court." (Welf. & Inst. Code, § 800, subd. (g).) There is no distinction between jurisdiction over the amount of restitution versus jurisdiction over the interest awarded on that amount because that interest is part of the overarching restitution award. (*In re S.E., supra,* 46 Cal.App.5th at p. 809; Pen. Code, § 1202.4, subd. (f)(3)(G); see Welf. & Inst. Code, § 730.6, subd. (b)(1).) Given the unequivocal mandate of the California Constitution and the legislative intent behind the relevant statutes, we find that the juvenile court retains authority to reconsider its award of interest on remand, after providing D.R. with an opportunity to be heard. (Cf. *In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1390–1391 [court should, after

13

considering appellant's challenges to the validity of losses, "determine the amount which will fully reimburse the victims for all economic loss"].)

### III.  **DISPOSITION**

The judgment is reversed and the matter is remanded to the juvenile court to correct L.O.'s restitution award to $9,875 and M.C.'s restitution award to $819.11, and to consider D.R.'s arguments regarding E.K.'s restitution award.  The court shall further consider any arguments by D.R. regarding its interest awards to the three victims.  Finally, the court shall apply section 730.6, subdivision (b)(3), in apportioning liability for any restitution that is ordered on remand.

CHOU, J.

We concur.

JACKSON, P. J.
SIMONS, J.

A171253/ *P. v. D.R.*

14