Filed 2/24/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re CHRISTIAN V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D085820 |
| Plaintiff and Respondent, | (Super. Ct. No. J245910) |
| v. | |
| CHRISTIAN V., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Ann M. Spitzberg and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

The People filed a petition in the juvenile court alleging Christian V. (Minor) committed vandalism of property worth more than $400.  (Pen. Code, § 594, subds. (a) & (b)(1).)  Minor admitted the allegation was true.  On

October 23, 2024, under the version of Welfare and Institutions Code[1] section 730.6 that was in effect at the time, the court ordered Minor to pay victim restitution, making him jointly and severally liable with his parents[2] and co-offender.

On January 1, 2025, the Legislature's amendment to section 730.6, subdivision (b)(3), came into effect. (Stats. 2024, ch. 805 § 6, effective January 1, 2025.) The amendment removed the juvenile courts' ability to order joint and several liability for victim restitution among co-offenders, instead requiring each minor to be held severally liable for a percentage of the victim restitution that equates to their percentage of fault. (Compare Stats. 2015, ch. 131, § 1, effective January 1, 2016, with Stats. 2024, ch. 805 § 6, effective January 1, 2025.)

After the new law came into effect, Minor requested the juvenile court make him solely liable for one-half of the victim restitution. The court denied Minor's request. Minor appeals the court's orders and contends his case is not yet final and the newly enacted section applies retroactively. We requested the parties submit letter briefs addressing the finality of Minor's case. After reviewing the parties' briefs, we conclude Minor's case became final before the new law came into effect and thus could not apply to Minor's case.

FACTUAL AND PROCEDURAL BACKGROUND

At a disposition hearing on September 9, 2024, the juvenile court adjudged Minor a ward of court pursuant to section 602 and placed him on probation with various terms and conditions. The court reserved jurisdiction

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

[2] See Welfare and Institutions Code section 730.7 [explaining presumption of joint and several liability of parent or guardian with minor].

2

over the issue of restitution. The court set a restitution status review hearing one month later and a review hearing six months later. Minor did not appeal the disposition order.

At the Restitution Status Review Hearing on October 23, 2024, Minor stipulated with the People, agreeing to the amount of restitution, and that it should be joint and several with his co-offender (a minor). The court accepted the parties' stipulation and ordered the sum of restitution to be paid jointly and severally with the co-offender. Like before, Minor did not appeal.

At the review hearing on March 6, 2025, Minor requested the court find that he successfully completed probation, dismiss the petition and seal his record under section 786, and divide the restitution in half; one half being paid by Minor and one half being paid by his co-offender. Minor also requested that a forthcoming Order for Victim Restitution—Juvenile (JUV-790) apply solely to Minor and not his parents.

The court determined the restitution "will be payable joint and several as previously ordered on October 23, 2024," and that once the JUV-790 was signed, the court intended to dismiss the underlying petition, seal Minor's records, and terminate jurisdiction. In an ex parte minute order that followed on March 24, 2025, the court ordered that the March 6, 2025 order was amended nunc pro tunc to reflect that Minor's request for the division of the restitution balance between himself and his co-offender was denied, and the previous restitution order dated October 23, 2024, which required Minor and his co-offender to pay the balance jointly and severally was confirmed. The court further confirmed that it signed the JUV-790, found Minor performed satisfactorily on probation, dismissed the petition and sealed Minor's records under section 786, and terminated jurisdiction. Minor appeals the March 6 and March 24, 2025 orders.

3

DISCUSSION

Minor contends the amendment to section 730.6, subdivision (b)(3), is an ameliorative change in the law that applies retroactively to him because his case is not yet final. Minor asserts his case was not yet final when the amendment to section 730.6 became operative on January 1, 2025, because (1) the trial court's victim restitution order remained subject to change under section 775, (2) he appealed the March 6, 2025 postjudgment order, and (3) the March 24, 2025 order was the final judgment, which he also appealed. We disagree and conclude Minor's case was final before the amendment became operative.

"We review questions of retroactivity and other matters involving statutory interpretation de novo." (*In re Hunter W.* (2023) 88 Cal.App.5th 358, 366 (*Hunter W.*); *In re David C.* (2020) 53 Cal.App.5th 514, 519 (*David C.*).)

In *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the California Supreme Court recognized an exception to the rule that "new criminal laws do not govern prosecutions initiated before the law went into effect." (*Hunter W., supra*, 88 Cal.App.5th at p. 366.) In *Estrada*, the court held that in the absence of a contrary indication of legislative intent, legislation that ameliorates punishment applies to all cases that are not yet final as of the legislation's effective date. (*People v. Esquivel* (2021) 11 Cal.5th 671, 675 (*Esquivel*) [discussing *Estrada, supra*].)

To determine whether a case is final "[f]or purposes of *Estrada*, the test . . . is 'whether the criminal prosecution or proceeding *as a whole* is complete.' " (*People v. Lopez* (2025) 17 Cal.5th 388, 392, quoting *Esquivel, supra*, 11 Cal.5th at p. 679.) That is, "the date the 'judgment of conviction becomes final' " (*People v. McKenzie* (2020) 9 Cal.5th 40, 46 (*McKenzie*)), when " ' "the courts can no longer provide a remedy to a defendant on *direct*

4

*review*" ' " (*Hunter W., supra*, 88 Cal.App.5th at pp. 367–368).  "[T]here is no 'judgment of conviction' without a sentence." (*McKenzie,* at p. 46.)  Thus, for purposes of *Estrada* retroactivity, the focus is on when the sentence imposed becomes final.  (*People v. Martinez* (2020) 54 Cal.App.5th 885, 887.)

However, unlike adult criminal matters, in a juvenile delinquency case, minors do not sustain criminal convictions or sentences.  (See *In re Tony S.* (1978) 87 Cal.App.3d 429, 432–433 ["A juvenile court declaration of wardship is not a criminal conviction . . . and a dispositional order following such declaration is not a sentence."].)  Rather, the court's judgment is set forth in a dispositional order.  (§ 725.)  The order is "the final step in proceedings under section 602." (*Hunter W., supra*, 88 Cal.App.5th at p. 368.)  "[O]nce direct review of the dispositional order is exhausted [or the time has lapsed to appeal the dispositional order], the matter is final for purposes of the *Estrada* retroactivity analysis." (*Ibid.*; *David C., supra*, 53 Cal.App.5th at p. 520.)  After that point, there is no longer a legal means of setting aside the judgment on direct appeal.  (See *In re G.C.* (2020) 8 Cal.5th 1119, 1127 [minor cannot challenge a final dispositional order through an appeal from a later order].)

In Minor's case, the court issued the dispositional order on September 9, 2024.  In that order, the court adjudged Minor to be a ward and placed him on probation with various terms and conditions.  (See § 727.)  The court reserved jurisdiction over the issue of restitution, ordering restitution on October 23, 2024, in accord with Minor's stipulation.  Minor did not appeal the disposition or restitution order, and his case became final before the amendment to section 730.6 became operative.

We are not persuaded by Minor's argument that his case was not yet final because the victim restitution order remained subject to change under section 775.  Section 775 permits the court to change, modify, or set aside any

order subject to its jurisdiction, "as the judge deems meet and proper." (*Ibid*.) We have interpreted section 775's "meet and proper" requirement to be the same as a requirement for finding good cause, requiring " 'substantial reasons' " to change the court's previous order. (*Hunter W., supra*, 88 Cal.App.5th at p. 370.) "While [a] minor under section 775 . . . can seek relief from the juvenile court under th[is] provision[ ], [section 775] provide[s] no basis to directly challenge the dispositional order. Instead, [it] allow[s] for a statutory collateral attack." (*Id*. at p. 371.) Thus, regardless of whether Minor could demonstrate good cause to modify the victim restitution order, section 775 provides "no basis to directly challenge the dispositional order" and does not alter the finality of Minor's case for purposes of retroactivity. (*Hunter,* at p. 371.)

We are also not persuaded by Minor's assertion that his case was not yet final because "he had the right to appellate review of the March 6, 2025[,] and March 24, 2025, orders." Minor asserts his March 6, 2025 order was a postjudgment order. Minor could appeal the subsequent order "as from an order after judgment" (§ 800, subd. (a)), but the appeal of a postjudgment order does not render the case nonfinal for purposes of *Estrada* because his dispositional order cannot be subsequently " ' " 'attacked on an appeal from a later appealable order' " ' " or judgment. (*In re G.C., supra*, 8 Cal.5th at p. 1127.)

Similarly, the March 24, 2025 postjudgment order also does not undo the finality of Minor's case. Under section 786, the juvenile court dismissed the section 602 petition and sealed all records pertaining to the dismissed petition, concluding that Minor had successfully complied with the terms of his probation. This action did not change the judgment in Minor's case; it changed who could be aware of it. (See § 786 [detailing the requirements for

6

sealing and the limited circumstances that permit access to a sealed record].)
Minor's dispositional order could still be accessed under certain
circumstances, such as for the purpose of determining Minor's eligibility and
suitability for other programs and dispositions, suitability to purchase, own,
or possess a firearm, and to enforce the victim restitution order. (*Ibid.*)

It follows that when the juvenile court signed the JUV-790 on
March 24, 2025, ordering the payment of the remaining restitution balance,
that order was not a "new order," but rather a memorialization of the original
order, which the juvenile court continued to have access to for purposes of
enforcement after the dismissal of the petition and sealing of Minor's records.
(§ 786, subd. (h)(2); see *In re J.V.* (2014) 231 Cal.App.4th 1331, 1335
[explaining the victim is entitled to a certified copy of the restitution order
and no new order is created by restating the balance owed from the court's
original order in a JUV-790].)

Furthermore, we conclude Minor's case is distinguishable from adult
criminal cases wherein a defendant's case is nonfinal for purposes of *Estrada*
while the defendant remains subject to probation. In *People v. Chavez* (2018)
4 Cal.5th 771, 781, our Supreme Court looked to the definition of "probation"
applicable to adult criminal cases and determined that whether the court
suspends imposition or execution of a sentence, the "finality of the sentence
'depends on the outcome of the probationary proceeding' and 'is not a final
judgment' at the imposition of sentence and order to probation." (See also
*McKenzie, supra*, 9 Cal.5th at pp. 45–46, and *Esquivel, supra*, 11 Cal.5th at
p. 680 [determining the defendants' cases were nonfinal because the
defendants timely appealed their sentences resulting from the revocation of
their probation].) We find these cases distinguishable because they address
adult criminal probation, which differs from juvenile delinquency probation.

7

" ' "[J]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation." ' " (*In re Francisco S.* (2000) 85 Cal.App.4th 946, 953.)  Thus, when Minor was ordered to be on probation, the court's final judgment was not dependent on his completion of probation.  Rather, the order to be on probation was the final judgment, and that judgment became final for purposes of *Estrada* when Minor did not appeal it.  (*Hunter W., supra*, 88 Cal.App.5th at p. 368.)

Because Minor's case was final before the amendment to section 730.6 became operative, we do not decide here whether the amendment applies retroactively as *Estrada*'s rule of retroactivity would nonetheless not apply to Minor's case.

## DISPOSITION

The March 6, 2025, and March 24, 2025 orders are affirmed.

HUFFMAN, J.*

WE CONCUR:


DO, Acting P.J.


CASTILLO, J.

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.